## State Tax on Municipal Obligations

MARGIOTTI, Attorney General, December 20, 1935.—We have your request to be advised whether scrip, bonds, certificates, and evidences of indebtedness issued, or assumed by, or upon which interest is paid by, any county, city, borough, township, school district or incorporated district of this Commonwealth are subject to tax under the provisions of the Act of June 22, 1935, P. L. 414.

You indicate that you do not consider such obligations taxable under section 19 of the act. We agree with this conclusion. The act imposes a State tax of 1 mill upon certain personal property. Its language follows closely that of the Act of June 17, 1913, P. L. 507, as amended. There are, however, significant differences of wording in the two acts which justify the above conclusion. The material portion of section 19 of the 1935 act reads:

"All scrip, bonds, certificates, and evidences of indebtedness issued, and all scrip, bonds, certificates, and evidences of indebtedness assumed, or on which interest shall be paid by any and every private corporation, incorporated or created under the laws of this Commonwealth or the laws of any other state or of the United States, and doing business in this Commonwealth, and all scrip, bonds, certificates, and evidences of indebtedness issued are hereby made taxable for the year one thousand

nine hundred and thirty-six, and annually thereafter, for State purposes, at the rate of one mill on each dollar of the nominal value thereof, which tax shall be in addition to the tax imposed for State purposes by section seventeen of the act, approved the seventeenth day of June, one thousand nine hundred and thirteen (Pamphlet Laws, five hundred seven), and its amendments or supplements".

No tax, therefore, is imposed upon the obligations in question by the express terms of this section. That the legislative intent was not to do so is clearly indicated by the corresponding language of the 1913 act which does impose a tax upon such obligations. Section 17 of the 1913 act, as amended by the Act of July 15, 1919, P. L. 955, provides in part:

"That all scrip, bonds, certificates and evidences of indebtedness issued, and all scrip, bonds, certificates and evidences of indebtedness assumed, or on which interest shall be paid, by any and every private corporation, incorporated or created under the laws of this Commonwealth or the laws of any other State or of the United States, and doing business in this Commonwealth, and *all scrip, bonds, certificates, and evidences of indebtedness issued, and all scrip, bonds, certificates, and evidences of indebtedness assumed, or on which interest shall be paid, by any county, city, borough, township, school district, or incorporated district of this Commonwealth* are hereby made taxable in the year one thousand nine hundred and nineteen, and annually thereafter, for State purposes, at the rate of four mills on each dollar of the nominal value thereof". (Italics ours.)

In our opinion the omission of the words italicized above from the otherwise similar provisions of the 1935 act admits of no other conclusion.

We will now consider whether the obligations under discussion are taxable under section 3 of the Act of June 22, 1935, P. L. 414. This section provides in part:

"All personal property of the classes hereinafter

enumerated . . . is hereby made taxable, annually, for State purposes, at the rate of one mill on each dollar of the value thereof . . . that is to say . . . all public loans whatsoever, except those issued by this Commonwealth or the United States, and those made taxable for State purposes".

The obligations in question, as we have seen above, are taxable for State purposes under section 17 of the Act of 1913. Accordingly, we have no hesitancy in advising you that they are exempt from tax imposed by section 3 of the Act of 1935.

Here again we find a significant difference in language in the Acts of 1935 and 1913. The wording of section 1 of the Act of 1913, which corresponds to the above-quoted portion of section 3 of the Act of 1935, is:

"That all personal property of the classes hereinafter enumerated . . . is hereby made taxable, annually, for county purposes, and, in cities coextensive with counties, for city and county purposes, at the rate of four mills on each dollar of the value thereof . . . that is to say . . . all public loans whatsoever, except those issued by this Commonwealth or the United States, and those made taxable for State purposes *by section seventeen hereof*". (Italics ours.)

Under the 1913 act public loans are exempted from the 4-mill tax under section 1 only if they are taxable for State purposes under section 17 of the same act; under the 1935 act they are exempted from tax under section 3 if they are subject to any State tax.

We are accordingly of the opinion, and advise you, that scrip, bonds, certificates and evidences of indebtedness issued, or assumed by, or upon which interest is paid by any counties, cities, boroughs, townships, school districts or incorporated districts of this Commonwealth are not subject to tax under any of the provisions of the Act of June 22, 1935, P. L. 414.

From Frederic Ray, Harrisburg.